**UNITED STATES DISTRICT COURT**
**For the WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
(*Electronically Filed*)

| | |
|---|---|
| **OCEY L. HOLLAND IV** ) | |
| *Plaintiff* ) | |
| ) | **Civil Action No.**  `3:10-cv-523-H` |
| **v.** ) | |
| ) | |
| **DEAN DAIRY HOLDINGS, LLC d/b/a** ) | |
| **DEAN MILK COMPANY, LLC** ) | |
| ) | |
| *Defendant* ) | |

**COMPLAINT with JURY TRIAL DEMANDED**

**       **       **       **

Plaintiff, Ocey L. Holland IV, for his complaint against Defendant DEAN DAIRY

HOLDINGS, LLC d/b/a DEAN MILK COMPANY, LLC states through the undersigned

counsel as follows:

## I.   Nature of Case

1.       This action seeks declaratory, injunctive, and equitable relief, compensatory and

punitive damages, costs and attorney's fees for discrimination, retaliation, and breach of

contract suffered by Plaintiff as a result of his discharge from employment by Defendant.

2.       This action arises under the Americans with Disabilities Act of 1990 (ADA), 42

U.S.C.A. § 12101 et seq. and 28 U.S.C.A. §1343(4), Title VII of the Civil Rights Act of

1964, 42 U.S.C. §§ 2000e et seq., the Civil Rights Act of 1991, 42 U.S.C. § 1981a, and

pursuant to the Kentucky Civil Rights Act, Ky. Rev. Stat. Ann. § 344 *et. seq.*, and the

1

Kentucky Equal Opportunity Act, Ky. Rev. Stat. Ann. § 207 *et. seq*. from violations of Plaintiff's rights secured by those statutes as well as violations of Plaintiff's rights resulting from the wrongful discharge by Defendant resulting from breach of contractual obligations.

## II.   Jurisdiction and Venue

3.     Jurisdiction is invoked pursuant to 28 U.S.C. § 2000e-5(f), and a right to sue letter was issued by the Equal Employment Opportunity Commission (EEOC) on May 6, 2010, a true and accurate copy of which is attached hereto as **Exhibit A**, based upon a charge affidavit timely filed with both the EEOC and the Kentucky Commission on Human Rights, a true and accurate copy of which is attached hereto as **Exhibit B**.

4.     Declaratory, injunctive, and equitable relief is sought pursuant to 42 U.S.C. §§ 2201, 2202 and 42 U.S.C. § 2000e-5(g).  Compensatory and punitive damages are sought pursuant to 42 U.S.C. § 1981a.

5.     Cost and attorney's fees may be awarded pursuant to 42 U.S.C. § 2000e-5(k) and Federal Rule of Civil Procedure 54.

6.     This action properly lies in the Western District of Kentucky, Louisville Division, pursuant to 29 U.S.C. § 1391(b), because the claim arose in this judicial district, and pursuant to 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment practice was committed in this judicial district in Louisville, Kentucky.

## III.   Parties to the Action

1.     Plaintiff is a citizen and a resident of the United States and Jefferson County, and is an African –American of black color and an employee within the meaning of ADA, Title VII of the Civil Rights Act of 1964, KRS 344 *et. seq*., and KRS 207 *et seq*.

2.     Defendant Company is a foreign limited liability company originating in Delaware with its principle office in Dallas, Texas and has C T Corporation System as its' registered agent  located at 306 W. Main Street, suite 512, Frankfort, Kentucky 40601.

3.      Defendant is an employer within the meaning of ADA, Title VII of the Civil Rights Act of 1964, KRS 344 *et. seq*., and KRS 207 *et. seq*.

4.     Defendant engages in an industry affecting commerce, and upon information and belief, employs more than 100 regular employees.

### IV.   Facts Giving Rise to the Lawsuit

5.     Plaintiff began working for Defendant on or about September 29, 2003 as a loader.

6.     At the time of hire Plaintiff received the Defendant's personnel Code of Ethics and signed and returned the acknowledgement form to Defendant.

7.     Plaintiff was a member of the bargaining unit represented by the International Brotherhood of Teamsters Local Union No. 783 (the Union); and therefore covered by the Union's collective bargaining agreement governing his working conditions which provides specific grievance rights.

8.     Plaintiff was awarded the bid the position of lineman in July 2004 which mainly involves the operation of a forklift.

9.     Plaintiff has performed all job duties in a satisfactorily manner since his date of hire.

10.     On or about March 23, 2005 Plaintiff injured his right shoulder.

11.     On or about March 20, 2007 Plaintiff returned to work with no restrictions.

12. On or about April 9, 2007 Plaintiff suffered a second injury to his right shoulder and was disabled within the meaning of the ADA, KRS 344.010, and KRS 207.150.

13. After a medical leave, Plaintiff was fit to return to work on November 27, 2007 with a restriction due to his shoulder injury consisting of "no use of right arm" and "no work at or above shoulder level" on right arm, limit 40 lbs. maximum lift at waist level, 20 pounds to right shoulder level

14. On or about that time, Defendant Corporation failed to engage in an interactive accommodation process and placed Plaintiff on the inactive employee roll.

15. Defendant failed to provide Plaintiff's treating physician with the lineman job description after requests by Plaintiff to do so.

16. On or about March 18, 2008 Plaintiff's physician modified his restriction to "no work above eye level" with right arm.

17. On or about March 19, 2008 Plaintiff contacted Human Resources (HR) to return to work and HR told Plaintiff there was no work for him.

18. On or about March 26, 2008 Plaintiff filed a grievance with the Union for Defendant's failure to allow Plaintiff to schedule a fit for duty examination in order to return to work and for race discrimination.

19. Plaintiff, after being denied the requests to schedule a fitness for duty examination, filed an EEOC claim of discrimination based on race and disability on or about May 31, 2008.

20. On or about November 3, 2008, the Union representative petitioned the Defendant to schedule a fitness for duty examination.

21.     Thereafter, unbeknownst to Plaintiff, HR emailed the union representative, who was out of town, notice of a return to work exam appointment; the date of which was during the period the union representative was out of town.

22.     On or about November 18, 2008, the EEOC issued its determination letter finding Title VII and ADA violations.

23.     On or about December 8, 2008, the union representative notified Plaintiff of the missed fitness exam.

24.     On December 9, 2008, Plaintiff then contacted HR to reschedule the return to fitness exam and was told no exam could be scheduled because of the EEOC investigation.

25.     On March 11, 2009, Plaintiff and Defendant entered into a conciliation agreement regarding his May 31, 2008 EEOC charge.

26.     On March 12, 2009, Plaintiff again requested to schedule a fitness for duty examination and Defendant Human Resources manager told Plaintiff he could not return to work with the restrictions.

27.     On or about April 15, 2009, the Union representative again petitioned Defendant on Plaintiff's behalf to schedule a fitness for duty examination.

28.     Also on or about April 15, 2009, Plaintiff received Cobra information stating his termination date effective March 12, 2009.  Upon receiving the information, Plaintiff called Defendant HR and was told he had been terminated.

29.     Plaintiff filed a second EEOC charge of discrimination on June 4, 2009.  The Commission issued Plaintiff a right to sue letter dated May 6, 2010.

30.     Pursuant to the Collective bargaining Agreement, a Joint Area Committee composed of Defendant representatives and Union representatives met on July 14, 2010 and determined that Plaintiff should be given a return to work fitness examination.

31.     As of August 3, 2010, Defendant has continued to fail to schedule Plaintiff for a return to work fitness examination.

32.     Plaintiff has exhausted all administrative remedies in order to bring this action.

## V.   Causes of Action

### COUNT I – DISCRIMINATION BASED UPON RACE

33.     Plaintiff incorporates 1 through 32, as if fully restated all of the allegations previously written.

34.     Plaintiff is an African American of Black color and is a member of a protected class within the meaning of Title VII of the Civil Rights Act of 1964 and KRS 344 *et. seq*.

35.     Plaintiff suffered an adverse employment action of being denied a fitness for return to duty examination after filing an EEOC charge against Defendant and was subsequently terminated as a direct result of being a member of a protected class within the meaning of Title VII of the Civil Rights Act of 1964 and KRS 344.040.

36.     Plaintiff was qualified for the position of lineman as demonstrated by his years of service in that position and his physician recommendation that he was able to work with a modified restriction that did not affect his essential job function.

37.     The termination of Plaintiff because of his restrictions was a pretext to the substantial and motivating factor of discrimination based on Plaintiffs' race within the meaning of Title VII of the Civil Rights Act of 1964 and KRS 344.040.

38.     Plaintiff was treated differently than Caucasian employees whom after injury sought a fitness to return to duty examination and were given an appointment and an assessment exam.

39.     As a direct and proximate result of the intentional discrimination caused by Defendant's willful and reckless actions, Plaintiff has suffered, is suffering, and is reasonably certain to suffer in the future economic and emotional damages all in excess of the jurisdictional minimum of this Court.

## COUNT II – DISCRIMINATION BASED UPON DISABILITY

40.     Plaintiff incorporates 1 through 39, as if fully restated all of the allegations previously written.

41.     Plaintiff's restriction did not restrict his ability to engage in the job of lineman for which he was eligible.

42.     Plaintiff's disability was a motivating and substantial factor that made a difference in Defendant's decision to discharge Plaintiff and thereby violated of Title VII of the Civil Rights Act of 1964, KRS 344.040, and KRS 207.150.

43.     As a direct and proximate result of the discrimination caused by Defendant's actions, Plaintiff has suffered, is suffering, and is reasonably certain to suffer in the future economic and emotional damages all in excess of the jurisdictional minimum of this Court.

## COUNT III – FAILURE TO ACCOMMODATE

44.     Plaintiff incorporates 1 through 43, as if fully restated all of the allegations previously written.

45.     Defendant has violated the American with Disabilities Act, KRS 344.040, and KRS 270.150 by Defendants' repeated unwillingness to engage in an interactive process with Plaintiff to identify reasonable accommodations.

46.     As a direct and proximate result of the discrimination caused by Defendant's actions, Plaintiff has suffered, is suffering, and is reasonably certain to suffer in the future economic and emotional damages all in excess of the jurisdictional minimum of this Court.

## COUNT IV – RETALIATION

47.     Plaintiff incorporates 1 through 46, as if fully restated all of the allegations previously written.

48.     The ability to file an EEOC charge is a protected activity of Title VII of the Civil Rights Act of 1964, ADA, and KRS 344 *et. seq*.

49.     Requesting a return to work fitness exam due to an injury is a protected activity within the meaning of the ADA, and KRS 207.150 and KRS 344.040.

50.     Plaintiff filed an EEOC charge on May 31, 2008 of which Defendant was aware of and indicated to Plaintiff that its failure to provide the fitness for duty exam was due to the pending EEOC investigation.

51.     As herein alleged, the Defendants, by and through its officers, managing agents and/or its supervisors, illegally retaliated against Plaintiff by unjustly denying him the opportunity to take the fitness to return to work examination solely because he previously filed an EEOC charge against Defendant for race and disability discrimination. Defendant had no legitimate reasons for any such act.

52.     Each said act of denial is retaliation is in violation of Title VII of the Civil Rights Act of 1964, ADA, KRS 270.150, and KRS 344.040.

53.     One day following the Conciliation Agreement, Defendants, by and through its officers, managing agents and/or its supervisors, illegally retaliated against Plaintiff by terminating Plaintiff  on March 12, 2009 in violation of Title VII of the Civil Rights Act of 1964, ADA, KRS 270.150 and KRS 344.040.

54.     Defendant's termination of Plaintiff and Defendant's failure to provide Plaintiff the opportunity to take the fitness for duty examination are intentional adverse employment actions done with malice and/or reckless indifference to Plaintiff's rights.

55.     Defendant's termination of Plaintiff and Defendant's denial of Plaintiff the fitness for duty examination was motivated by intentional retaliatory animus in direct causal connection to Plaintiff disabling injury and his filing an EEOC charge. The direct causal connection is also demonstrated in that Defendant deliberately waited one day after the May 31, 2008 EEOC charge was conciliated in order to discharge Plaintiff and by Defendant's statements to Plaintiff that the denial of the opportunity to take the fitness for duty examination was due to the pending EEOC charge, thus violating Title VII of the Civil Rights Act of 1964 and KRS 344 *et. seq.*

56.     As a further direct and proximate result of Defendant's violation of Title VII of the Civil Rights Act of 1964, ADA, KRS 270.150 and KRS 344.040, as described, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with Defendant and has thereby incurred and will continue to incur legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff.

## COUNT V – WRONGFUL TERMINATION BY BREACH OF CONTRACT

### The Conciliation Agreement

57.    Plaintiff incorporates 1 through 56, as if fully restated all of the allegations previously written.

58.    Defendant and Plaintiff entered into in a Conciliation Agreement dated March 11, 2009 on Plaintiff's March 31, 2008 EEOC charge. The Conciliation Agreement is attached hereto as **Exhibit C**.

59.    Plaintiff was an employee of Defendant at the time of entering the Conciliation Agreement.

60.    Pursuant to the agreement the parties agreed Defendant will comply with all of the requirements of Title VII and the ADA and that there shall be no discrimination or retaliation because of any opposition of any practice declared to be unlawful under Title VII or the ADA.

61.    The parties also agreed that the agreement would be in effect for one year after the date of execution.

62.    On March 12, 2009, Plaintiff was terminated without cause and in violation of the Conciliation Agreement.

63.    As a result of such breach Defendant is liable to Plaintiff for economic damages of back pay plus all other applicable rights of any pertinent collective bargaining agreement.

## COUNT VI – WRONGFUL TERMINATION BY BREACH OF CONTRACT

### The Code of Ethics

64.    Plaintiff incorporates 1 through 63, as if fully restated all of the allegations previously written.

65.     Plaintiff was given the Code of Ethics at the time of hire and told that strict compliance was mandatory for employment.

66.     The Code of Ethics contains express language that provides for Equal Opportunity including freedom from discrimination on the basis of race, disability, and medical condition. The relevant section is hereto attached as **Exhibit D**.

67.     The Code of Ethics contains express language that prohibits disciplinary or other retaliatory action as a result of reporting in good faith a violation of the Code of Ethics.

68.     Plaintiff was terminated without cause and in violation of the Code of Ethics.

69.     Plaintiff relied on Defendant's Code of Ethics strict compliance for added assurance in exercising his rights to file grievances for violations and as a result of such reliance has suffered damages.

## VI. <u>Demand for Relief</u>

70.     WHEREFORE, Plaintiff, Ocey Holland IV, demands relief from Defendant Deans Milk Company, LLC and respectfully prays that this court:

      a.     Declare the conduct engaged in by Defendant to be in violation of Plaintiffs rights;

      b.     Enjoin Defendant from engaging in such conduct;

      c.     Restore Plaintiff to his rightful place as lineman and make whole with appropriate back pay loss of seniority and fringe benefits or in lieu of reinstatement, order front pay and benefits up to the date of reinstatement and prejudgment interest for that entire period, or front salary and benefits accrual;

d.       Award Plaintiff compensatory and punitive damages in a specific

amount to be determined by jury at trial and in excess of this Court's

jurisdictional minimum;

e.       Award plaintiff costs of this action including reasonable attorney's

fees in accordance with CR 54 and KRS 344.450;

f.       Grant such other relief as it may deem just and proper.

### VII.  Demand for Trial by Jury

Plaintiff demands Pursuant to CR 38 a trial for all issues herein deemed triable.

Respectfully submitted,


/s/ Neeka L. Parks Thompson
Neeka L. Parks Thompson
Dr. Mary Whitlock Stoddard
STODDARD PARKS & ASSOCIATES, PLLC
1301 Clear Springs Trace, Suite 101
Louisville, Kentucky 40223
Phone: (502)365-4627
Fax: (502)365-4629
*nparks@stoddard-parksattorneys.com*
*mstoddard@stoddard-parksattorneys.com*
**COUNSEL FOR PLAINTIFF**